UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK



MOHAMMAD AFJOL, JACQUELINE
AVILES, NINA BOUTRY, AREF
MUHAMMAD, ISMAEL NDIAYE, IEVGEN
NEPOMNIASHCHYI, TUAN PHU, SHEKH
RAHMAN, and ABDOUL S. SOW,
individually and on behalf of all persons
similarly situated,

Plaintiffs,

–against–

CHATEAU 20TH STREET LLC; DUAL
GROUPE, LLC; PHILIPPE O. BONDON,
DANIEL KOCH, DEREK KOCH, PETER
STILER, and MICHAEL WAINSTEIN,
jointly and severally,

Defendants.

## COMPLAINT AND JURY DEMAND

1.      The plaintiffs allege on behalf of the plaintiffs and other similarly situated current

and former employees of the defendants who consent to become party plaintiffs, pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 215(b), that the defendants violated the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for

unpaid or underpaid minimum wage and overtime compensation, and such other relief available

by law.

2.      The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1),

that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section

191 of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or

1

underpaid minimum wages, overtime compensation, and other wages not timely paid, and such other relief available by law.

      3.      The plaintiffs further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiffs should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

JURISDICTION AND VENUE

      4.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

      5.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

      6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

PARTIES

      7.      The plaintiff Mohammad Afjol is and was at all relevant times an adult residing in Bronx County, New York.

      8.      The plaintiff Jacqueline Aviles is and was at all relevant times an adult residing in New York County, New York.

      9.      The plaintiff Nina Boutry is and was at all relevant times an adult residing in New York County, New York.

      10.      The plaintiff Muhammad Aref is and was at all relevant times an adult residing in Bronx County, New York.

11.     The plaintiff Ismael Ndiaye is and was at all relevant times an adult residing in Queens County, New York.

12.     The plaintiff Ievgen Nepomniashchyi is and was at all relevant times an adult residing in New York County, New York.

13.     The plaintiff Tuan Phu is and was at all relevant times an adult residing in Kings County, New York.

14.     The plaintiff Shekh Raman is and was at all relevant times an adult residing in Bronx County, New York.

15.     The plaintiff Abdoul S. Sow is and was at all relevant times an adult residing in Bronx County, New York.

16.     The defendant Chateau 20th Street LLC is and was at all relevant times a New York limited liability company with its office in New York County.

17.     The defendant Dual Groupe, LLC is and was at all relevant times a New York limited liability company with its office in New York County.

18.     Upon information and belief, the defendant Philippe O. Bondon is an adult whose county of residence is unknown to plaintiffs.

19.     Upon information and belief, the defendant Daniel Koch is an adult whose county of residence is unknown to plaintiffs.

20.     Upon information and belief, the defendant Derek Koch is an adult whose county of residence is unknown to plaintiffs.

21.     Upon information and belief, the defendant Peter Stiler is an adult whose county of residence is unknown to plaintiffs.

22.     Upon information and belief, the defendant Michael Wainstein is an adult whose county of residence is unknown to plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

23.     Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action on behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

24.     The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

25.     At all relevant times, the defendants' business is a full-service restaurant doing business as Chateau Cherbuliez and located at 47 West 20th Street, New York, New York.

26.     Upon information and belief, at all relevant times, Philippe O. Bondon was an owner, shareholder, officer, or manager of the defendants' business.

27.     Upon information and belief, at all relevant times, Philippe O. Bondon was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

4

28.     Upon information and belief, at all relevant times, Philippe O. Bondon had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

29.     Upon information and belief, at all relevant times, Daniel Koch was an owner, shareholder, officer, or manager of the defendants' business.

30.     Upon information and belief, at all relevant times, Daniel Koch was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

31.     Upon information and belief, at all relevant times, Daniel Koch had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

32.     Upon information and belief, at all relevant times, Derek Koch was an owner, shareholder, officer, or manager of the defendants' business.

33.     Upon information and belief, at all relevant times, Derek Koch was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

34.     Upon information and belief, at all relevant times, Derek Koch had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

35.     Upon information and belief, at all relevant times, Peter Stiler was an owner, shareholder, officer, or manager of the defendants' business.

36.     Upon information and belief, at all relevant times, Peter Stiler was an individual who actively participated in the business of the defendants, exercised substantial control over the

functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

37.     Upon information and belief, at all relevant times, Peter Stiler had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

38.     Upon information and belief, at all relevant times, Michael Wainstein was an owner, shareholder, officer, or manager of the defendants' business.

39.     Upon information and belief, at all relevant times, Michael Wainstein was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

40.     Upon information and belief, at all relevant times, Michael Wainstein had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

41.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

42.     The defendants employed Afjol Mohammad approximately from November 2012 until January 2013.

43.     The defendants employed Afjol Mohammad as a server.

44.     The defendants paid Afjol Mohammad approximately $5.00 per hour.

45.     The defendants employed Jacqueline Aviles approximately from December 2012 until January 2013.

46.     The defendants employed Jacqueline Aviles as a bartender.

47.      The defendants paid Jacqueline Aviles $5.00 per hour.

48.      The defendants employed Nina Boutry approximately from June 2012 until January 2013.

49.      The defendants employed Nina Boutry as a server.

50.      The defendants paid Nina Boutry approximately $5.25 per hour until November 2012, $7.50 per hour throughout November 2012, and $9.00 per hour thereafter.

51.      The defendants employed Aref Muhammad approximately during December 2012.

52.      The defendants employed Aref Muhammad as a busser.

53.      The defendants paid Aref Muhammad approximately $5.00.

54.      The defendants employed Ismael Ndiaye approximately from November 2012 until January 2013.

55.      The defendants employed Ismael Ndiaye as a server and runner.

56.      The defendants paid Ismael Ndiaye $5.00 per hour.

57.      The defendants employed Ievgen Nepomniashchyi approximately from November 2012 until January 2013.

58.      The defendants employed Ievgen Nepomniashchyi as an expeditor and runner.

59.      The defendants paid Ievgen Nepomniashchyi $5.00.

60.      The defendants employed Tuan Phu approximately from November 2012 until January 2013.

61.      The defendants employed Tuan Phu as a server.

62.      The defendants paid Tuan Phu either $5.00 or $7.25 per hour.

63.      The defendants employed Shekh Rahman approximately from July 2012 until January 2013.

64.     The defendants employed Shekh Rahman as a busser.

65.     The defendants paid Shekh Rahman approximately $7.50 per hour.

66.     The defendants employed Abdoul S. Sow approximately from November 2012 until January 2013.

67.     The defendants employed Abdoul S. Sow as a dishwasher.

68.     The defendants paid Abdoul S. Sow approximately $10.00 per hour.

69.     The defendants willfully failed to pay the plaintiffs any wages for many workweeks and hours worked.

70.     The plaintiffs and party plaintiffs worked in excess of forty hours many workweeks, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

71.     The defendants failed to provide the plaintiffs with a notice and acknowledgment at the time of hiring.

72.     The defendants failed to provide the plaintiffs with a statement with each payment of wages.

73.     Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiffs and party plaintiffs were uninformed of their rights during such times.

74.     Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

75.     The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 74 as if they were set forth again herein.

76.     At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

77.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

78.     The defendants employ employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

79.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

80.     Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

81.     The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2) by failing to pay the

plaintiffs and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

82.     The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2) by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

83.     By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid minimum wages and overtime compensation.

84.     The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

85.     The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

86.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:<br>MINIMUM WAGE ACT

87.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 86 as if they were set forth again herein.

88.     At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

89.    From July 24, 2009, to December 30, 2013, the applicable minimum wage was $7.25 per hour, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

90.    The defendants violated (and are violating) the plaintiffs' rights by failing to pay or underpaying the plaintiffs the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

91.    The defendants violated (and are violating) the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

92.    The defendants' failure to pay the plaintiffs the foregoing timely is a violation of section 191 of the New York Labor Law.

93.    By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid minimum wages and overtime compensation.

94.    The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

THIRD CLAIM FOR RELIEF:<br/>FAILURE TO TIMELY PAY WAGES

95.    The plaintiffs reallege and incorporate by reference paragraphs 1 through 94 as if they were set forth again herein.

96.    The defendants failed to pay the plaintiffs and party plaintiffs the plaintiffs' wages not later than the regular pay day for multiple pay periods and hours worked during the plaintiffs' employment, in violation of section 191 of the New York Labor Law.

97.     By N.Y. Lab. Law §§ 198(1-a), the defendants are liable to the plaintiffs and party plaintiffs for wages not timely paid.

98.     The plaintiffs and party plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

FOURTH CLAIM FOR RELIEF:
WAGE THEFT PREVENTION ACT

99.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 98 as if they were set forth again herein.

100.    The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

101.    Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2, the plaintiffs should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

102.    The defendants failed to furnish to the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or

rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

103.   Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3, the plaintiffs should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-d).

104.   Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

FIFTH CLAIM FOR RELIEF:
DECLARATORY RELIEF

105.   The plaintiffs reallege and incorporate by reference paragraphs 1 through 104 as if they were set forth again herein.

106.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

107.   The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

108.   It is in the public interest to have these declarations of rights recorded.

109.   A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

110.   A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

PRAYER FOR RELIEF

111.   Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

a.   designation of this action as a collective action on behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

b.   a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

c.   an award of unpaid or underpaid minimum wages and overtime compensation, due under the Fair Labor Standards Act;

d.   an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e.   an award of unpaid or underpaid minimum wages, overtime compensation, and other wages untimely paid, due under the Minimum Wage Act and section 191 of the New York Labor Law;

f.   an award of liquidated damages as pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

14

g.      an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

h.      a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

i.      if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

j.      an award of punitive damages;

k.      an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

l.      an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

m.      an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

n.      such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com

_____

Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

Dated: New York, New York
        March 5, 2014

16